UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. MUNDAY,<br><br>　　　　　Plaintiff,<br>　　v.<br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br>　　　　　Defendant. | Case No. SACV 13-870-OP<br><br>MEMORANDUM OPINION AND ORDER |

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

///
///
///
///

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 13, 14.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 7 at 3.)

1

## I.
## DISPUTED ISSUE

As reflected in the Joint Stipulation, the disputed issue raised by Plaintiff as the grounds for reversal and/or remand are as follows is whether the ALJ properly considered the vocational and medical evidence.  (JS at 5-28.)

## II.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (citation omitted).  The Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.
## DISCUSSION

**A.     The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of disorder of the lumbar spine, disorder of the cervical spine, disorder of the thoracic spine,

1  degenerative changes of the upper extremities (shoulders and hands), and lupus.[3]
2  (Administrative Record ("AR") at 24.)  The ALJ found that Plaintiff had the
3  residual functional capacity ("RFC") to perform a range of light work with the
4  following limitations:  lift/carry twenty pounds occasionally and ten pounds
5  frequently; stand/walk six hours in an eight- hour day; sit six hours in an eight-
6  hour day; no climbing ladders, ropes, and scaffolds; occasional climbing ramps
7  and stairs; occasional balance, stoop, kneel, crouch, and crawl; occasional use of
8  cane for uneven surfaces; and frequent handling, fingering, and reaching with the
9  upper extremities.  (Id. at 26.)

Relying on the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff is capable of performing his past relevant work in the clerical and light assembly industries.  (Id. at 34-35.)

**B.     The ALJ Properly Considered the Vocational Evidence.**

Plaintiff contends the ALJ did not give adequate reasons for rejecting the Vocational Evaluation Report of vocational evaluator Justin Kaaiakamanu, MSW, relating to Plaintiff's worker's compensation case.  (JS at 6-9.)  The Court disagrees.

As relevant here, the vocational evaluator found the following:

> Mr. Munday did not demonstrate the ability to proceed with full time or part time employment at the present time.  It is recommended that the client attempt to slowly increase his ability to sit, stand and walk without incurring increased levels of pain and discomfort.  If full time employment is considered in the future, it is recommended that the client demonstrate the ability to successfully complete a ten day work evaluation before proceeding with employment.

---

[3] The record reflects that Plaintiff does not have lupus but, rather, has been diagnosed with undifferentiated connective tissue disease, a "lupus-like illness." (AR at 1022, 1773-75.)

(AR at 577.)

The ALJ rejected Mr. Kaaiakamanu's evaluation, finding:

> The claimant presented for vocational evaluation by Mr. Kaaiakamanu in May 2008. Mr. Kaaiakamanu opined that the claimant cannot perform any full and/or part time work. The undersigned rejects Mr. Kaaiakamanu's opinion for several reasons. First, Mr. Kaaiakamanu is not a medical source. As such, his opinion is only relevant to evaluate the severity of the claimant's impairments. Secondly, his opinion is not consistent with the objective medical evidence, particularly in light of the overwhelmingly "normal" findings on physical examination by medical professionals. Finally, an opinion and/or finding of disability is one reserved to the Commissioner.

(Id. at 33 (citations omitted).)

Title 20 C.F.R. §§ 404.1513(d) and 416.913(d) provides that in addition to medical evidence, the Commissioner "may also use evidence from other sources to show the severity of [an individual's] impairment(s) and how it affects [her] ability to work." 20 C.F.R. §§ 404.1513(d), 416.913(d). Lay testimony regarding a claimant's symptoms is competent evidence that an ALJ must take into account, unless the ALJ expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. Kus v. Astrue, 276 Fed. App'x 555, 556-57 (9th Cir. 2008) (citing Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001)); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993)).

Here, the ALJ acknowledged Mr. Kaaiakamanu's report and rejected it on the basis of reasons that were germane to the witness. Contrary to Plaintiff's argument, the ALJ did not reject Mr. Kaaiakamanu's report merely because it was not a medical source. In fact, the ALJ did not reject the report on this basis at all, but merely stated that because of this fact the report was "only relevant to evaluate

the severity of the claimant's impairments." (AR at 33.) The Court does not consider the persuasiveness of the ALJ's remaining reasons for rejecting Mr. Kaaiakamanu's report. Thus, the ALJ fulfilled his duty to consider the evidence and provide sufficient reasons for rejecting the third party evidence. Thus, there was no error.

**C.     The ALJ Properly Considered the Medical Evidence.**

Plaintiff also argues that the ALJ failed to properly consider "the medical evidence that Mr. Munday cannot perform prolonged standing and sitting." (JS at 9.) The Court disagrees.[4]

Although Plaintiff fails to identify which portions of the vast record the ALJ failed to consider, it appears that he refers to the findings by orthopedist Michael J. Einbund, M.D., that Plaintiff was "precluded from prolonged standing based on the fact that prolonged standing increases his low back pain to moderate." (AR at 1698.) It also appears that Plaintiff refers to the opinion of pain specialist L. Scott Stoney, M.D., that Plaintiff could not tolerate "prolonged sitting" or "prolonged standing," and that Plaintiff could sit and stand only for 0-1 hours in an eight-hour day. (Id. at 2393, 2401.)

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). See 20 C.F.R. §§ 404.1502, 404.1527, 416.902, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Generally,

---

[4] In responding to this portion of Plaintiff's claim, Defendant cites to page 1598 of the Administrative Record. The copy of the Administrative Record presented to the Court is missing pages 1537-1611 of the record. However, Plaintiff does not cite to anything found within this portion of the record as supporting his claim, and the Court is satisfied that those portions of the record would only serve to further discount Plaintiff's claim.

5

the opinions of treating physicians are given greater weight than those of other physicians, because treating physicians are employed to cure and therefore have a greater opportunity to know and observe the claimant. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir.2007); Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). The ALJ may only give less weight to a treating physician's opinion that conflicts with the medical evidence if the ALJ provides explicit and legitimate reasons for discounting the opinion. See Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632-33; Soc. Sec. Ruling 96-2p. Similarly, "the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician." Lester, 81 F.3d at 830 (quoting Pitzer v. Sullivan, 908 F.2d 502, 506 (9th Cir. 1990)). Even where an examining physician's opinion is contradicted by another doctor, the ALJ must still provide specific and legitimate reasons supported by substantial evidence to properly reject it. Id. at 830-31 (citing Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995)).

    **1.**    **Dr. Stoney.**

The ALJ rejected the findings of Dr. Stoney, as follows:

> Although Dr. Stoney is among the claimant's treating physicians, his opinion is properly rejected where it is controverted by other evidence, and/or inconsistent with other evidence in the record. Not only is Dr. Stoney's opinion wholly inconsistent with the objective medical evidence, it is clearly inconsistent with the reports of numerous physicians who cited specific pain behavior that undermines the credibility of the claimant's symptoms. Finally, his opinion is not fully supported by his own physical examination findings.

(AR at 33-34 (citations omitted).)

"[I]t is established that it is appropriate for an ALJ to consider the absence of supporting findings, and the inconsistency of conclusions with the physician's own findings, in rejecting a physician's opinion." Khounesavatdy v. Astrue, 549

1  F. Supp. 2d 1218, 1229 (E.D. Cal. 2008) (citing <u>Johnson v. Shalala</u>, 60 F.3d 1428,
2  1432-33 (9th Cir. 1995); <u>Matney v. Sulllivan</u>, 981 F.2d 1016, 1019 (9th Cir.
3  1992); <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989)).  Despite the
4  extreme limitations noted by Dr. Stoney, he indicated on July 20, 2009, that
5  Plaintiff was able to sit in the waiting room for forty-five minutes and on the
6  examination table for an additional hour.  (AR at 611.)  Plaintiff was also able to
7  stand for an unspecified time period while undergoing psychological testing.  (<u>Id.</u>)
8  Moreover, Dr. Stoney's findings are inconsistent with his relatively mild objective
9  findings on physical examination, and findings of multiple other physicians and
10 diagnostic testing indicating the Plaintiff suffered only mild impairments.  (<u>Id.</u> at
11 610-62, 693-94, 1305-07, 1655, 1692, 1713, 1828-29, 1871, 2101.)  Accordingly,
12 the inconsistencies between Dr. Stoney's findings and his own observations, and
13 those of other treating sources, was a specific and legitimate reason for rejecting
14 Dr. Stoney's opinion.

### 2. **Dr. Einbund.**

The ALJ also rejected Dr. Einbund's opinions, as follows:

> The claimant's worker's compensation treating physician, Dr.
> Einbund, opined that the claimant is precluded from heavy lifting and no
> prolonged standing, and that he is unable to return to his usual and
> customary position.  While considered, the undersigned does not rely on
> Dr. Einbund's opinion because it is not specific as to the claimant's
> <u>function-by-function</u> capacity.  Dr. Einbund is issuing an opinion in
> connection with the claimant's worker's compensation action, which [is]
> governed by a state agency that applies different rules for the evaluation
> of function and thus [is] not conclusive in the claimant's federal, Social
> Security case.

(AR at 33 (citations omitted).)  In addition, just before addressing the weight given
to Dr. Einbund's opinion, the ALJ concluded that the severity of Plaintiff's

symptoms was not substantiated by the objective medical evidence. In doing so, the ALJ stated that "[t]he claimant's own treating physician, Dr. Einbund, opined that there is 'no structural reason' that the claimant reports severe pain with standing.'" (Id. at 30.)

While not formally included within the discussion of the weight given to Dr. Einbund's opinions, the ALJ highlighted Dr. Einbund's finding "that there is 'no structural reason' that the claimant reports severe pain with standing." (Id.) Despite this finding, Dr. Einbund reported that Plaintiff was "precluded from prolonged standing based on the fact that prolonged standing increases his low back pain to moderate." (Id. at 1698.) The ALJ could have been more explicit in articulating his rationale, but it is clear from the tone of the opinion that the ALJ found Dr. Einbund's assessment to be both internally inconsistent and inconsistent with the objective medical evidence as a whole. This conclusion supports the rejection of Dr. Einbund's findings. Khounesavatdy, 549 F. Supp. 2d at 1229 ("[I]t is established that it is appropriate for an ALJ to consider the absence of supporting findings, and the inconsistency of conclusions with the physician's own findings, in rejecting a physician's opinion.").

Even if the Court were to conclude that the ALJ erred by rejecting Dr. Einbund's opinions only on the basis that they were elicited during a worker's compensation action, Booth v. Barnhart, 181 F. Supp. 2d 1099, 1105 (C.D. Cal. 2002) ("[T]he ALJ may not disregard a physician's medical opinion simply because it was initially elicited in a state workers' compensation proceeding.") (citing Coria v. Heckler, 750 F.2d 245, 247-48 (3rd Cir. 1984)); see also Lester, 81 F.3d at 832 ("[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them"), any potential error was harmless in light of the language discussed above. When an ALJ has erred, a court will uphold the decision if the error was harmless. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006). "Although [the Ninth Circuit has] expressed

different formulations of the harmless error rule depending on the facts of the case and the error at issue, we have adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008); Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006); Stout, 454 F.3d at 1055). "In other words, in each case we look at the record as a whole to determine whether the error alters the outcome of the case." Molina, 674 F.3d at 1115.

Here, while the ALJ clearly rejected Dr. Einbund's opinions because they were formed during a worker's compensation proceeding, it is equally clear that the ALJ believed Dr. Einbund's opinions to be inconsistent with his own findings and unsupported by the medical evidence as a whole. (See AR at 33.) In light of the ALJ's comments regarding these inconsistencies, it is clear the ALJ intended to reject Dr. Einbund's opinions and had a legally sufficient basis upon which to reject them. See Khounesavatdy, 549 F. Supp. 2d at 1229. Thus, there is no doubt that any error by the ALJ in failing to better articulate his rationale for rejecting Dr. Einbund's opinions did not alter the outcome of the case. Cf. Rusten v. Comm'r, Soc. Sec. Admin., 468 Fed. App'x 717, 720 (9th Cir. 2012) (error in assessing examining source opinion was harmless where source's own evaluation questioned claimant's self-reported symptoms); Zettelmier v. Astrue, 387 Fed. App'x 729, 731-32 (9th Cir. 2010) (ALJ's failure to address physician's report was harmless where there was sufficient basis upon which to discredit physician's opinion).

/ / /
/ / /
/ / /
/ / /

## IV.
## **ORDER**

Based on the foregoing, IT IS THEREFORE ORDERED, that judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

Dated: May 29, 2014

HONORABLE OSWALD PARADA
United States Magistrate Judge